IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES, | ) | No. C 07-5864 MJJ (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| ORACLE CORP, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff, a federal prisoner proceeding pro se, filed this pro se complaint under 42 U.S.C. § 1983 against Oracle Corp, Larry Ellison, Peoplesoft and Ellison Medical Foundation.

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

    Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of

G:\PRO-SE\MJJ\CR.07\riches19.dsm.wpd

the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. See Neitzke v. Williams, 490 U.S. 319, 328 (1989). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton, 504 U.S. at 32. A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. See id. at 32-33.

Plaintiff alleges defendants' software is "damaging" his central file. Specifically he alleges defendants are "putting lies and propaganda into my file," such as that he is "a super international hacker, the modern day catch me if you can/McGuiver/Travolta on swordfish." He alleges defendant Ellison is "the mastermind to my torture." He seeks 20 million dollars in damages and a restraining order against defendants. As plaintiff's allegations are clearly baseless, irrational or wholly incredible, the complaint will be dismissed as frivolous under sections 1915A and 1915(e)(2).

For the foregoing reasons, this action is DISMISSED.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 12/17/07

_____
MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\riches19.dsm.wpd        2